UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PEGGY S. SCHLER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:20 CV 52 ACL |
| KILOLO KIJAKAZI, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff Peggy S. Schler brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Act.

An Administrative Law Judge ("ALJ") found that, despite Schler's severe impairments, she was not disabled as she had the residual functional capacity ("RFC") to perform past relevant work.

This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

For the following reasons, the decision of the Commissioner will be affirmed.

### I. Procedural History

Schler filed her applications for benefits on May 9, 2017. (Tr. 135, 142.) She claimed

she became unable to work on April 30, 2017, due to heart attacks, stroke, hepatitis C/liver problems, left hip relocation, and seizures. (Tr. 230.) Schler was 47 years of age at her alleged onset of disability date. Her applications were denied initially. (Tr. 83.) Schler's claims were denied by an ALJ on October 25, 2019. (Tr. 16-25.) On July 14, 2020, the Appeals Council denied Schler's claim for review. (Tr. 1-4.) Thus, the decision of the ALJ stands as the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

In this action, Schler argues that the ALJ "improperly relied on the incorrect classification of Plaintiff's past relevant work and found her capable of performing that work." (Doc. 24 at 9.)

## II. The ALJ's Determination

The ALJ first found that Schler meets the insured status requirements of the Social Security Act through September 30, 2022. (Tr. 18.) He stated that Schler has not engaged in substantial gainful activity since her alleged onset date. *Id.* In addition, the ALJ concluded that Schler had the following severe impairments: congestive heart failure and seizure disorder. (Tr. 19.) The ALJ found that Schler did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Tr. 21.)

As to Schler's RFC, the ALJ stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work, occasionally lifting 20 pounds, frequently lifting and carrying 10 pounds, standing and/or walking for six hours, and sitting for six hours out of an eight-hour workday. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can occasionally balance on level surfaces and frequently stoop, kneel, crouch, and crawl. She can never tolerate exposure to unprotected moving mechanical parts or unprotected heights.

(Tr. 22.)

The ALJ found that Schler was capable of performing past relevant work as a head waitress.  (Tr. 24.)   The ALJ therefore concluded that Schler was not under a disability, as defined in the Social Security Act, from April 30, 2017, through the date of the decision.  (Tr. 25.)

The ALJ's final decision reads as follows:

> Based on the application for a period of disability and disability insurance benefits protectively filed on May 9, 2017, the claimant is not disabled as defined in sections 216(i) and 223(d) of the Social Security Act.
>
> Based on the application for supplemental security income protectively filed on May 9, 2017, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act.

*Id.*

### III.   Applicable Law

**III.A.  Standard of Review**

The decision of the Commissioner must be affirmed if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).   Substantial evidence is less than a preponderance of the evidence, but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).   This "substantial evidence test," however, is "more than a mere search of the record for evidence supporting the Commissioner's findings."  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (internal quotation marks and citation omitted).   "Substantial evidence on the record as a

whole . . . requires a more scrutinizing analysis." *Id.* (internal quotation marks and citations omitted).

To determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole, the Court must review the entire administrative record and consider:

1. The credibility findings made by the ALJ.

2. The plaintiff's vocational factors.

3. The medical evidence from treating and consulting physicians.

4. The plaintiff's subjective complaints relating to exertional and non-exertional activities and impairments.

5. Any corroboration by third parties of the plaintiff's impairments.

6. The testimony of vocational experts when required which is based upon a proper hypothetical question which sets forth the claimant's impairment.

*Stewart v. Secretary of Health & Human Servs.,* 957 F.2d 581, 585-86 (8th Cir. 1992) (internal citations omitted). The Court must also consider any evidence which fairly detracts from the Commissioner's decision. *Coleman*, 498 F.3d at 770; *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). However, even though two inconsistent conclusions may be drawn from the evidence, the Commissioner's findings may still be supported by substantial evidence on the record as a whole. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000)). "[I]f there is substantial evidence on the record as a whole, we must affirm the administrative decision, even if the record could also have supported an opposite decision." *Weikert v. Sullivan*, 977 F.2d 1249, 1252 (8th Cir. 1992) (internal

quotation marks and citation omitted); s*ee also Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 977 (8th Cir. 2003). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted).

**III.B. Determination of Disability**

A disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education and work experience engage in any kind of substantial gainful work which exists … in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 416.920; *see Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see "whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities." *Dixon v. Barnhart*, 343 F.3d 602, 605 (8th Cir. 2003). "An impairment is not severe if it amounts only to a slight

abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707; *see* 20 C.F.R. §§ 416.920(c), 416.921(a).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, reaching out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id*. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on his ability to work." *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (internal quotation marks omitted).

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or his physical or mental

limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *see* 20 C.F.R. § 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id*. If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id*. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at Step Four, and his age, education, and work experience. *See Bladow v. Apfel*, 205 F.3d 356, 358-59 n. 5 (8th Cir. 2000). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## IV.  Discussion

Schler's sole claim is that the ALJ erred in classifying Schler's past relevant work as "head waitress" at step four, and in finding her capable of performing that work.  In support of this argument, she states that the ALJ classified her past work based on her job duties of making sauces, taking orders, delivering food to tables, running the cash register and, "[a]ccording to the ALJ she also reported supervising two to three people."  (Doc. 24 at 11.)  Schler also points to her testimony at the hearing that her boss stopped her from running the cash register because it continued to "come up short."  *Id*.

At Step Four of the five-step disability evaluation process, the ALJ is required to evaluate whether, with her RFC, a claimant can perform her past relevant work.  *See Wagner v. Astrue*, 499 F.3d 842, 853 (8th Cir. 2007).  A claimant is not disabled if she can perform either "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy."  *Id*.; *see also Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) ("Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled.").

In making this determination, the "ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant [himself or] herself is capable of doing before [the ALJ] determines that she is able to perform her past relevant work."  *Young v. Astrue*, 702 F.3d 489, 491 (8th Cir. 2013) (quoting *Nimick v. Sec'y of Health & Hum. Servs.*, 887 F.2d 864, 866 (8th Cir. 1989)).  "The ALJ may discharge this duty by referring to the specific job descriptions in

the *Dictionary of Occupational Titles* [(*DOT*)] that are associated with the claimant's past work." *Id.* (quoting *Pfitzner v. Apfel*, 169 F.3d 566, 569 (8th Cir. 1999)). The ALJ may also consider a vocational expert's testimony in determining whether a claimant can perform her past work. *See Flynn v. Astrue*, 513 F.3d 788, 792 (8th Cir. 2008) (citing *Wagner*, 499 F.3d at 853-54). "A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments." *Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011) (quoting *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010)).

Schler fails to demonstrate that the ALJ erred in classifying her past relevant work. In a report completed in May 2017, Schler indicated that she worked as a waitress in a restaurant from 2011 through March of 2017 and described her position as a "lead worker." (Tr. 24, 231-32.) With regard to her job duties, Schler stated that she "made sauces, waited on customers, took orders, delivered food to the tables, [and] ran the cash register." (Tr. 232.) She indicated that she supervised "2-3" people and spent "50% of the time" supervising people. *Id.*

At the administrative hearing, Schler testified as follows regarding this position:

ALJ: And when you were working there in 2013 and '14, were you doing all of those things, waitress, cook, running the register?
Schler: Oh, yes.
ALJ: OK.
Schler: I even—yes.
ALJ: So—
Schler: I was I was—at the restaurant.
ALJ: Say that again?
Schler: I did everything at the restaurant.
ALJ: All right. So how many—how many employees were working at the restaurant at a time?
Schler: There would be three or four.
ALJ: All right. So were you doing all of those jobs, if there were three or four people there? I don't understand.
Schler: Some, I would cook and then the dishes, also.
ALJ: Okay. How often—
Schler: The waitress—
ALJ: --did you cook?

Page **9** of **11**

> Schler: Maybe once a week when he would take a break.
> ALJ: Okay. It'll just be that job at the diner that I'll ask you to classify, Ms. Peterson.

(Tr. 38.) Later in the hearing, after the ALJ questioned the vocational expert ("VE"), Schler's attorney elicited the following testimony from Schler:

> The restaurant—when I ran the register, the register was coming up short on the money, so I had to stop—they made me stop running the register because I couldn't—you know, I told the change to give back and everything, but somehow, the register was coming up short and we—it never had done that before, but the last time I worked the register, it was always coming up short every time I worked it.

(Tr. 52.)

Based on Schler's testimony and prior report, the VE testified that Schler's past work is classified as that of "head waitress." (Tr. 48.) The VE testified that the head waitress position (DOT # 310.137-010) is considered skilled work and is generally performed at the light exertional level, but performed at the medium level by Schler. *Id.* The ALJ found that Schler was able to perform this position as it is generally performed. (Tr. 24.)

Schler's own statements in her written report and during the hearing reveal that she performed the duties of a head waitress. Although Schler seems to argue that she did not supervise other employees, she specifically stated in her May 2017 report that she supervised 2-3 people and spent fifty percent of her time supervising others. (Tr. 232.) She also noted that she hired and fired employees. *Id*. Consequently, the VE did not err in classifying Schler's past work.

Schler has cited no evidence to contradict the testimony of the VE that was offered at the hearing. The VE's testimony that Schler's past work was that of a head waitress and that a person with Schler's RFC could perform that work as it is generally performed is uncontroverted, and it was reasonable for the ALJ to rely on it. *See, e.g.*, *Schwandt v. Berryhill*,

926 F.3d 1004, 1013 (8th Cir. 2019) (holding that a VE's answer to a properly phrased hypothetical supplies substantial evidence supporting a determination that a claimant can perform past relevant work); *Jackson v. Astrue*, No. CIV A 08-2157-CM, 2008 WL 5046378, at *7 (D. Kan. Nov. 24, 2008) (rejecting an argument that the ALJ improperly relied on the testimony of a VE; noting that "[p]laintiff and his attorney are not qualified vocational experts with the expertise to controvert the testimony of the VE" and that "plaintiff cites to no vocational authority contrary to the VE testimony").  Because Schler could perform her past relevant work as a head waitress as it is generally performed, the ALJ properly determined that Schler was not disabled.

      Accordingly, Judgment will be entered separately in favor of Defendant in accordance with this Memorandum.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of March, 2022.